1   MICHAEL K BRISBIN (SBN 169495)
    WILSON, ELSER, MOSKOWITZ,
2       EDELMAN & DICKER LLP
    525 Market Street, 17th Floor
3   San Francisco, CA 94105-2725
    Email:  Michael.Brisbin@wilsonelser.com
4   Telephone:    415.433.0990
    Facsimile:    415.434.1370
5
6   Attorneys for Defendant and Cross-Complainant,
    **PRINCIPAL SECURITIES, INC.**

7                   **UNITED STATES BANKRUPTCY COURT**

8                   **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 19-52354 MEH 7 |
| STEVEN BONNER, | Chapter 7 |
| Debtor. | Hon. M. Elaine Hammond |
| | Adv. No. |
| PRINCIPAL SECURITIES, INC., | **ADVERSARY COMPLAINT OF PRINCIPAL SECURITIES, INC. OBJECTING TO DISCHARGEABILITY OF DEBTS PURSUANT 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6)** |
| Plaintiff, | |
| v. | |
| STEVEN BONNER, | |
| Defendant. | |

19      Plaintiff, PRINCIPAL SECURITIES, INC. (Principal Securities" or "Plaintiff"), an Iowa

20  Corporation, by its attorneys Wilson Elser Moskowitz Edelman & Dicker LLP, files this adversary

21  complaint (the "Complaint") against defendant/debtor STEVEN E. BONNER (the "Debtor",

22  "Defendant" or "Bonner"), upon knowledge of its own acts and upon information and belief with

23  respect to all other matters, alleges as follows:

24                          **JURISDICTION AND VENUE**

25      1.      The Complaint is brought pursuant to Rule 7001, et seq. of the Federal Rules of

26  Bankruptcy Procedure seeking relief pursuant to §§523(a) (2), (a) (4), and (a) (6), of Title 11 of the

27  United States Code, objecting to the dischargeability of damages and debts owed by the Debtor to

28

Principal Securities for breach of contract, breach of fiduciary duty, fraud and deceit, intentional misrepresentation, willful and malicious conduct, conversion, and larceny.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

3.    This is a core proceeding pursuant to 28 U.S.C. §157(b) (2). Venue is proper before this Court pursuant to 28 U.S.C. §1409.

## INTRODUCTION

4.    This action arises out of Defendant's unlawful, improper, willful, malicious, and fraudulent scheme to solicit a $400,000.00 investment from Jacklyn Johnston ("Johnston") for a real estate transaction ("real estate transaction") that Principal Securities had not reviewed, authorized, or provided prior written pre-approval to engage in, solicit, or sell; where Bonner made false representations about the real estate transaction that was not contained in a current prospectus, supplementary sales materials, or sales literature, approved by Principal Securities; where Bonner never disclosed to Principal Securities his engagement, or involvement, in the real estate transaction; where Bonner never disclosed to Principal Securities his solicitation of Johnston for the real estate transaction, and where Bonner never disclosed to Principal Securities his acceptance of a $200,000.00 investment for the $400,000.00 solicitation Bonner made to Johnston for the real estate transaction.

## BACKGROUND & PARTIES

5.    Jacklyn Johnston ("Johnston") is a resident of the State of California, residing in Aptos, California.

6.    Steven Bonner is a resident of the State of California, residing in San Jose, California.

7.    Principal Securities, Inc., is an Iowa corporation, with its principal place of business in Des Moines, Iowa.

8.    On November 19, 2019, the Debtor filed his Voluntary Petition (no asset) under Chapter 7 of Title 11, the United States Bankruptcy Code in this Court, case number 19-52354 MEH 7 ("Voluntary Petition").

2367236v.1

9. Debtor did not list any debt owed to Principal Securities, Inc., in the Schedule E/F of his Voluntary Petition.

10. Instead, Debtor listed a $150,000.00 debt to Michael K. Brisbin, attorney for Principal Securities, in his Voluntary Petition. Said debt is not owed to Michael K. Brisbin, but because said Official Form 309A was sent to Michael K. Brisbin, an attorney for Principal Securities, a question exists about whether Principal Securities has notice of its debt potentially being discharged.

11. On November 1, 2019, Principal Securities secured a Judgment against the Debtor for $730,495.36, in Santa Cruz Superior Court, case number 16 CV 03031 ("the Action"). A Notice of Entry of Orders was served on the Debtor on November 1, 2020. Attached, hereto, as **Exhibit A**, is a true and correct copy of the filed Notice of Entry of Orders served on the Debtor on November 1, 2019.

## **FACTUAL ALLEGATIONS**

12. Johnston, through an oral agreement with Debtor, loaned him and his then existing company Bay Area Acquisitions and Sales, L.L.C. ("Bay Area"), $200,000.00 on August 29, 2014, for Bonner and Bay Area to invest and improve a vacant lot Bay Area owned at 2400 Lockhart Gulch Road in Scotts Valley, CA. The Debtor initially solicited a $400,000.00 investment from Johnston, and then accepted a $200,000 investment from Johnston, after providing an unapproved Private Placement Offering ("Offer document") to Johnston that contained information about Bay Areas' management team and Board of Advisors. The Private Placement Offering document also included a photograph and biography of another investor.

13. The Debtor and Offer document provided for a 10% return on the $200,000.00 investment.

14. Prior to the August 29, 2014, real estate transaction involving the Debtor and Johnston, Bonner entered into a Registered Representative's Agreement with Princor Financial Services Corporation nmka Principal Securities, Inc. on April 23, 2010. A true and correct copy of the April 23, 2010, Registered Representative's Agreement ("the Agreement") between the Debtor and Principal Securities is attached, hereto, as **Exhibit B**.

3

ADVERSARY COMPLAINT OF PRINCIPAL SECURITIES, INC. OBJECTING TO DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. §523(a)(2)(A), (a)(4), and (a)(6)

Case: 20-05006   Doc# 1   Filed: 02/06/20   Entered: 02/06/20 16:35:31   Page 3 of 35
2567236v.1

15. The Agreement reads as follows in the section "**Relationship**":

    a. To the extent permitted by applicable laws your relationship with us is that of an independent contractor. Nothing contained herein or elsewhere shall be construed to create an employer/employee relationship.

16. The Agreement reads as follows in the section "**Duties and Responsibilities**":

    c. Become familiar with and abide by the compliance procedures outlined in the Princor Registered Representative Compliance Manual and all other rules, policies and directives concerning sales practices and conduct established by us. Said procedures are incorporated herein by reference and may be amended by us from time to time.

17. The Agreement reads as follows in the section "**Limitations**": "You may **not**

    e. Accept payments or deposits from any client, applicant, shareholder or third party except as expressly authorized by us.

    g. Make any representations concerning applications or products except as contained in the current prospectus and supplementary sales materials or sales literature approved by us.

    i. Solicit in any manner, in any state for which we have not given you pre-approval to sell.

    j. Solicit or sell any other product that we have not given you written pre-approval to sell

    k. Send applications or otherwise place orders, directly to a sponsor or issuer other than Princor or its affiliates.

18. The Agreement reads as follows in the section "**Limitation on Investment Advisory Activities**": Without our prior consent, you may **not**

    f. Act in any other advisory capacity for any person.

19. The Agreement reads as follows in the section "**Indebtedness**":

    c. You agree to be liable hereunder for the payment to us of all indebtedness. We may set off any indebtedness of any amounts you owe our subsidiaries or affiliates against any amount we owe you.

    d. We will take actions necessary to collect any indebtedness you owe us.

    e. This section shall survive any termination of this Agreement.

20. The Agreement reads as follows in the section "**Confidentiality and Related Obligations**":

---

4

ADVERSARY COMPLAINT OF PRINCIPAL SECURITIES, INC. OBJECTING TO DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. §523(a)(2)(A), (a)(4), and (a)(6)

2567256v.1

d.    In connection with its performance under this Agreement, you agree to comply with all applicable laws, including but not limited to laws protecting the privacy of non-public personal information about individuals.

21.    The Agreement reads as follows in the section "**Indemnification**":

You shall indemnify and hold Princor, its parent and affiliated companies harmless against all losses, claims, damages, liabilities, action, costs or expenses insofar as such may arise or be attributed to activities unrelated to any action by Princor, or involve non-securities issues arising in disputes unrelated to any action by Princor.

22.    Johnston relying on the Debtor's statements, as well as the Offer document, signed the Offer document, and gave the Debtor two checks for $200,000 each for development of 2400 Lockhart Gulch Road, Scotts Valley, CA. Johnston then requested the return of one check for $200,000.00 from the Debtor. So, Johnston only invested $200,000.00 with the Debtor and Bay Area.

23.    The property, 2400 Lockhart Gulch Road, was never improved or developed, and the Debtor used the $200,000.00 for his personal gain, failed to return the $200,000 when Johnston requested it, and failed to pay the 10% interest promised on Johnston's $200,000 investment.

24.    Principal Securities was not involved in the Debtor's solicitation of Johnston, did not know of the Debtor's solicitation, was never notified of the Debtor's solicitation of Johnston, and did not approve the Debtor's solicitation to, or of, Johnston and therefore, his actions are attributed to activities unrelated to any action by Princor/Principal Securities, and/or involve a non-securities issue unrelated to any action by Princor/Principal Securities.

25.    Principal Securities only discovered of the existence of (a) Bay Area, (b) the real estate transaction, (c) the $200,000.00 investment by Johnston with Bay Area and Debtor, (d) the Debtor's acceptance of the $200,000.00 investment, and (e) the Debtor's personal use of the $200,000.00 investment, upon receipt of a complaint filed by Johnston against the Debtor and Principal Securities regarding the real estate transaction.

26.    The Debtor's purposeful and willful involvement in the scheme is an intentional, deceitful, fraudulent, and false solicitation of an investment in a real estate transaction, which was never authorized or approved by Principal Securities, and for which the Debtor never sought authorization or approval. The Debtor knew any solicitation of Johnston for the $200,000.00

investment was in violation of his Agreement, and his fiduciary obligations to Principal Securities, yet, Debtor still intentionally solicited the $400,000.00 investment, and accepted the $200,000.00 check, from Johnston.

27.     The Debtor's procurement of the $200,000.00 investment, and refusal to return the investment, to which he was not entitled to procure, keep, or use for personal gain, is clearly based on his fraudulent misrepresentations to Johnston, as well as those contained in the Offer document. Furthermore, the Debtor was willfully deceitful with Johnston when stating that 2400 Lockhart Gulch Road would be improved, when it was not going to be improved. Said communications are also a breach of the Agreement as well as the covenant of good faith and fair dealing that the Debtor owed to Principal Securities.

28.     Principal Securities is informed and believes that the fraud, deceit, willful misconduct, and intentional misrepresentations, all acts committed by the Debtor, were material deviations from the Agreement, material deviations from all concepts of fair and honest dealing, and were committed willfully. Maliciously, and intentionally by the Debtor, and this misconduct violated the Debtor's fiduciary obligations to Principal Securities created by, and under, the Agreement.

29.     Principal Securities is informed and believes that the Debtor knew the information in the Offer document, as well as what he communicated to Johnston, was false, misleading, deceitful, material misrepresentations, and contrary to the actual facts, and his intent for seeking the $200,000.00 investment from Johnston.

30.     Instead, the Debtor knew that 2400 Lockhart Gulch Road would never be improved upon, and he only sought the $200,000.00 investment from Johnston for his own personal use and gain.  The latter is fraudulent, deceitful, willful and intentional acts in violation of the Agreement. Principal Securities reasonably relied on the Debtor's anticipated adherence to the terms of the Agreement, and the Debtor's failure to do so represents a significant breach of the Agreement, and his fiduciary obligations to Principal Securities.

31.     Principal Securities alleges and asserts the Offer document given to Johnston, the Debtor's statements to Johnston, and the Debtor's intent to secure $200,000.00 from Johnston for

6

2367236v.1

his personal use and gain, were false, misleading, willful, fraudulent, and material as the Debtor never intended to improve 2400 Lockhart Gulch Road, or pay Johnston the 10% return the Debtor promised Johnston if she invested the $200,000.00.

32.     Principal Securities asserts that the Debtor's intent from the beginning of the real estate transaction was to misrepresent the transaction, any investment in the transaction, any return on the transaction, and to only secure money for his personal use, under fraudulent pretenses and thereby commit a larceny, without ever disclosing said conduct or actions to Principal Securities.

33.     As a result of the foregoing misconduct, Principal Securities had to defend itself in the Action filed by Johnston, and has been damaged in at least the sum of $730,495.36, and counting.

# AS AND FOR A FIRST CAUSE OF ACTION

## 11 U.S.C. sec 523(a) (2) (A)

34.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 33 inclusive, as if fully set forth herein.

35.     Debtor obtained payment of the $200,000.00 investment from Johnston by false pretense and false representations because he never intended to improve the property at 2400 Lockhart Gulch Road, and never intended to pay Johnston the 10% return on investment promised to her, but, rather only intended to use the $200,000.00 obtained from Johnston for his own personal gain.

36.     Debtor obtained payment of the $200,000.00 from Johnston without ever disclosing his company Bay Area, the solicitation to Johnston, the investment by Johnston, the Debtor's acceptance of Johnston's investment, and/or his personal use of Johnston's investment, to Principal Securities, and his failure to disclose any and all of these facts was deceitful, willful, fraudulent, and intentional misrepresentations by omission.

37.     The failure to disclose Bay Area, the real estate transaction, the $200,000.00 investment solicited by the Debtor, his acceptance of the $200,000.00 investment, and personal use of the $200,000.00 investment, was designed by the Debtor to induce Principal Securities to maintain him as a Registered Representative, which Principal Securities would not have done if it

7

2367236v.1

knew about the fraudulent, deceptive, willful and intentional misconduct by the Debtor in violation of the Agreement.

38.     The failure to disclose Bay Area, the real estate transaction, the $200,000.00 investment solicited by the Debtor, his acceptance of the $200,000.00 investment, and personal use of the $200,000.00 investment, was designed by the Debtor to intentionally cause Principal Securities a loss of money through defense of itself in the Action; heretofore damages of $730,495.36, and counting.

39.     Principal Securities reasonably relied on the representations made by the Debtor when he signed the Agreement that he would refrain from deceitful, fraudulent, willful and intentional misconduct while working as a Registered Representative under the Agreement.  These representations by the Debtor were illusory because his subsequent conduct, as described in paragraphs 36, 37 and 38, intentionally and willfully caused damage to Principal Securities in at least the sum of $730,495.36, and counting.

40.     At all times relevant the Debtor knew his conduct was a sham and designed to fraudulently and deceitfully obtain the $200,000.00 investment from Johnston for his personal use.

41.     The Debtor's intentional, willful and malicious conduct required Principal Securities to defend itself in the Action, and suffer losses of at least $730,495.36, and counting.

42.     As a result of the foregoing, Principal Securities has been damaged in the sum of $730,495.36, and counting.

43.     Principal Securities objects to the dischargeability of its Judgment against the Debtor in the amount of $730,495.36, pursuant to 11 U.S.C. sec 523 (a) (2) (A) on the grounds that the Debtor's actions involving Johnston and Principal Securities were deceitful, fraudulent, willful and intentional misconduct, through his use of false representations and actual fraud.

## AS AND FOR A SECOND CAUSE OF ACTION

## 11 U.S.C. sec 523(a) (4)

44.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 33, and 35 through 43 inclusive, as if fully set forth herein.

ADVERSARY COMPLAINT OF PRINCIPAL SECURITIES, INC. OBJECTING TO DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. §523(a)(2)(A), (a)(4), and (a)(6)

2367236v.1

45.     Under the terms of the Agreement, a fiduciary relationship existed between the Debtor, as a Registered Representative, and Principal Securities, the Broker-Dealer.

46.     By and through his intentional and willful misconduct, fraud and deceit, the Debtor breached his fiduciary duty and obligations to Principal Securities.

47.     Further, the intentional acts described herein constitute defalcation and/or larceny.

48.     As a result of the foregoing, Principal Securities has been damaged in the sum of $730,495.36, and counting.

49.     Principal Securities objects to the dischargeability of its Judgment against the Debtor in the amount of $730,495.36, pursuant to 11 U.S.C. sec 523 (a) (4) on the grounds that the Debtor's actions involving Johnston and Principal Securities were deceitful, fraudulent, and intentional misconduct, while he acted in a fiduciary capacity and his acts constitute defalcation and/or a larceny.

## AS AND FOR A THIRD CAUSE OF ACTION

### 11 U.S.C. sec 523(a) (6)

50.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 33, 35 through 45, and 42 through 49 inclusive, as if fully set forth herein.

51.     The Debtor's scheme and transaction with Johnston pertaining to the real property 2400 Lockhart Gulch Road, was malicious, deliberate, intentional, willful, wrongful, and improper.  Said scheme and transaction was a ruse designed to obtain $200,000.00 from Johnston for his own personal use while maintaining his appointment as a Registered Representative with Principal Securities.

52.     The Debtor's failure to disclose to Principal Securities his scheme and transaction with Johnston pertaining to the real property 2400 Lockhart Gulch Road, was malicious, deliberate, intentional, willful, wrongful, and improper.

53.     As a result of the Debtor's deliberate, intentional, willful, malicious, wrongful, and improper conduct, Principal Securities has been damaged in the sum of $730,495.36, and counting.

54.     Principal Securities objects to the dischargeability of its Judgment against the Debtor for $730,495.36, pursuant to 11 U.S.C. sec 523 (a) (6) on the ground that the misconduct

9

ADVERSARY COMPLAINT OF PRINCIPAL SECURITIES, INC. OBJECTING TO DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. §523(a)(2)(A), (a)(4), and (a)(6)
2367236v.1

Case: 20-05006     Doc# 1     Filed: 02/06/20     Entered: 02/06/20 16:35:31     Page 9 of 35

1 complained of here constituted willful and malicious conduct by the Debtor against Principal

2 Securities, resulting in willful damage to Principal Securities by the Debtor.

## AS AND FOR A FOURTH CAUSE OF ACTION

### 11 U.S.C. §§523(a) and 105(a)

5      55.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1

6 through 33, 35 through 45, 42 through 49, and 51 through 54 inclusive, as if fully set forth herein.

7      56.     If the Court sustains any or all of the Objections to dischargeability set forth herein,

8 Principal Securities requests the Court authorize the entry of a money judgment against the Debtor

9 for the amount of money determined by the Court to <u>not</u> be dischargeable.

10      WHEREFORE, plaintiff, Principal Securities, Inc. demands judgment on the first, second

11 and third causes of action denying the Debtor, Steven E. Bonner, dischargeability of his

12 indebtedness to Principal Securities in the sum of approximately $730,495.36, and on the fourth

13 cause of action directing entry of a money judgment against the Debtor in the sum of

14 approximately $730,495.36, together with interest and the costs and disbursements of this action,

15 and such other and further relief as the Court deems just and proper.

16

17 Date: February 6, 2020           WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP

18

19                     By:    /s/ Michael K. Brisbin

20                         MICHAEL K. BRISBIN
Attorneys for Defendant,

21                         **PRINCIPAL SECURITIES, INC.**

22

23

24

25

26

27

28

2367236v.1

# PROOF OF SERVICE

At the time of service, I was over eighteen years of age and not a party to this action. I am employed in the City and County of San Francisco, California and my business address is at WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, 525 Market Street, 17th Floor, San Francisco, California 94105. On this date I served the following document(s):

**ADVERSARY COMPLAINT OF PRINCIPAL SECURITIES, INC. OBJECTING TO DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6)**

on the party(ies) identified below, through their attorneys of record, by placing true copies thereof by the following means of service:

☐: **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☒ **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐: **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Francisco, California.

☐: **BY E-MAIL** - Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐: **BY ELECTRONIC TRANSMISSION** – By causing the document(s) listed above to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

Executed on February 4, 2020, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

_____

Marilee Barlow

ADVERSARY COMPLAINT OF PRINCIPAL SECURITIES, INC. OBJECTING TO DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. §523(a)(2)(A), (a)(4), and (a)(6)

2367236v.1

**PROOF OF SERVICE**
Principal Securities, Inc. v Bonner
US Bankruptcy Court Case No. 19-52354 MEH 7

     At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370. On this date I served the following document(s):

1. **ADVERSARY PROCEEDING COVER SHEET**

2. **ADVERSARY COMPLAINT OF PRINCIPAL SECURITIES, INC. OBJECTING TO DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6)**

3. **PRINCIPAL SECURITIES, INC.'S CORPORATE DISCLOSURE AND NOTICE OF INTERESTED PARTIES PURSUANT TO F.R.B.P. RULE 8012 BANKRUPTCY CODE § 101(9)**

4. **PRINCIPAL SECURITIES, INC.'S COUNSEL'S NOTICE OF APPEARANCE**

on the person or persons listed below, through their respective attorneys of record in this action, by the following means of service:

☒:   **By United States Mail.** I placed the document(s) in envelope(s) and placed them for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐:   **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐:   **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☐:   **By Electronic Service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

     EXECUTED on February 6, 2020 at San Francisco, California.

_Marilee Barlow_
Marilee Barlow

2
PROOF OF SERVICE

## SERVICE LIST

| | |
|---|---|
| Elise Mitchell<br>Law Offices of Elise M. Mitchell, PC.<br>320 S. Third Street, Ste. 101<br>San Jose CA 95112<br>T: 408-297-8080<br>E: elise@emitchell-law.com<br><br>***Attorney for Defendant***<br>***STEVEN BONNER*** | IRS – Centralized Insolvency<br>PO Box 7436<br>Philadelphia, PA 19101-7346<br><br>***Creditor*** |
| Burke Williams & Sorenson<br>1901 Harrison St., Ste. 900<br>Oakland CA 94612<br><br>***Creditor*** | Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130<br><br>***Creditor*** |
| Carlos Garcia<br>2831 Monroe Street<br>Santa Clara CA 95051<br><br>***Creditor*** | Chase Card Services<br>Attn: Bankruptcy<br>PO Box 15298<br>Wilmington DE 19850<br><br>***Creditor*** |
| Citi/ Sears<br>Citibank / Centralized Bankruptcy<br>PO Box 790034<br>St. Louis MO 63179<br><br>***Creditor*** | Macy's<br>Department Store National Bank<br>Attn: Bankruptcy<br>9111 Duke Blvd.<br>Mason OH 45040<br><br>***Creditor*** |
| Discover Financial<br>Attn: Bankruptcy Department<br>PO Box 15316<br>Wilmington DE 19850<br><br>***Creditor*** | Dowell, LLP<br>6849 Old Dominion Drive, Ste. 225<br>Mc Lean VA 22102-3705<br><br>***Creditor*** |
| Jack Hain<br>55 River Street, Ste. 150<br>Santa Cruz CA 95060<br><br>***Creditor*** | Jacklyn Johnston<br>725 Sea Cliff Drive<br>Aptos CA 95003<br><br>***Creditor*** |

3

PROOF OF SERVICE

| | |
|---|---|
| James B. Little<br>84 West Santa Clara St., Ste. 800<br>San Jose CA 95113<br><br>*Creditor* | Jason Farwell<br>Farwell & Rashkis<br>18 Park Avenue<br>Los Gatos CA 95030<br><br>*Creditor* |
| Jeffrey D. Fulton<br>Natalya Grunwald<br>2150 River Plaza Drive, Ste. 2560<br>Sacramento CA 95833<br><br>*Creditor* | Law Offices of Michael Weisberg<br>PO Box 581615<br>Elk Grove CA 95758<br><br>*Creditor* |
| Mark Barto Freschi<br>111 N. Market Street, Ste. 300<br>San Jose CA 95113<br><br>*Creditor* | Michael Stone<br>1726 Seabright Avenue<br>Santa Cruz CA 95062<br><br>*Creditor* |
| MUFG Union Bank Pure<br>PO Box 85443<br>San Diego CA 92186<br><br>*Creditor* | Picone & Young<br>1970 Broadway, Ste. 1030<br>Oakland CA 94612<br><br>*Creditor* |
| Stephen Horner<br>223 W. Main Street, Ste. B<br>Los Gatos CA 95030<br><br>*Creditor* | |

2298103v.1

# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
11/1/2019 5:11 PM
Alex Calvo, Clerk
By: Sandra Gonzalez, Deputy

1  MICHAEL K BRISBIN (SBN 169495)
   WILSON, ELSER, MOSKOWITZ,
2      EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, CA 94105-2725
   Email: Michael.Brisbin@wilsonelser.com
4  Telephone: 415.433.0990
   Facsimile: 415.434.1370
5
   Attorneys for Defendant and Cross-Complainant,
6  **PRINCIPAL SECURITIES, INC.**

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF SANTA CRUZ**

10  JACKLYN A. JOHNSTON,                  Case No. 16CV03031

11              Plaintiff,
                                          **NOTICE OF ENTRY OF ORDERS**
12      vs.

13  STEVEN E. BONNER, JOHANNA BONNER,
    ROGER G. WINTLE, SUSAN WEBER,
14  CHRISTINE FRAZIER, GABRIEL PEREZ,     Complaint filed:           11/16/2016
    RAY DIAZ, BAY AREA ACQUISITIONS       1st Amended Compl. Filed:  1/13/2017
15  AND SALES, L.L.C., PRINCIPAL          Cross-Complaint filed:     3/10/2017
    SECURITIES, INC., and DOES 1-9,       1st Amd Cross-Comp. filed: 9/29/2017
16                                        Trial Date:                10/4/2019
                Defendants.
17
    ─────────────────────────────────
18  PRINCIPAL SECURITIES, INC.,

19              Cross-Complainant,

20      vs.

21  STEVEN E. BONNER, BAY AREA
    ACQUISITIONS AND SALES, L.L.C.,
22  JOHANNA BONNER, ROGER G. WINTLE,
    SUSAN WEBER, CHRISTINE FRAZIER,
23  GABRIEL PEREZ, and RAY DIAZ,

24              Cross-Defendants.

25

26

27

28
                                    1
    [Proposed] Order on Cross-Complainant Principal Securities' Trial Brief Regarding Damages and Recovery of Its
    Damages Against Cross-Defendant Steven Bonner

1    **PLEASE TAKE NOTICE** that on October 29, 2019 and November 1, 2019, the court

2    granted Principal Securities, Inc.'s Order's on the following:

3          1.    Order on Cross-Complainant Principal Securities, Inc.'s Trial Brief; Request to

4    Strike Cross-Defendant Steven E. Bonner's Answer; and Request to Enter the Default of Cross-

5    Defendant Steven E. Bonner; and Request to Enter Default Judgment against Cross-Defendant

6    Steven E. Bonner. A true and correct copy have been attached hereto as **Exhibit A**.

7          2.    Order on Cross-Complainant Principal Securities, Inc.'s Trial Brief Regarding

8    Damages and Recovery of its Damages against Cross-Defendant Steven Bonner. A true and

9    correct copy have been attached hereto as **Exhibit B**.

10

11   Dated: November 1, 2019        WILSON, ELSER, MOSKOWITZ,
             EDELMAN & DICKER, LLP

12

13           By:   */s/ Michael K. Brisbin*
                 MICHAEL K. BRISBIN

14               Attorneys for Defendant and Cross-Complainant,
                 PRINCIPAL SECURITIES, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

ELECTRONICALLY RECEIVED
10/4/2019 11:37 AM

Filed
October 29, 2019
Alex Calvo, Clerk
By Gonzalez, Sandra
Deputy, Santa Cruz County

1  MICHAEL K BRISBIN (SBN 169495)
   WILSON, ELSER, MOSKOWITZ,
2       EDELMAN & DICKER LLP
   525 Market Street, 17th Floor
3  San Francisco, CA 94105-2725
   Email:  Michael.Brisbin@wilsonelser.com
4  Telephone:    415.433.0990
   Facsimile:    415.434.1370

5  Attorneys for Defendant and Cross-Complainant,
   **PRINCIPAL SECURITIES, INC.**
6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF SANTA CRUZ**

10  JACKLYN A. JOHNSTON,                    Case No.  16CV03031

11              Plaintiff,                   $\mathcal{C.P.B}$
                                             [PROPOSED] ORDER ON CROSS-
12      vs.                                  COMPLAINANT PRINCIPAL
                                             SECURITIES INC.'S TRIAL BRIEF;
13  STEVEN E. BONNER, JOHANNA BONNER,        REQUEST TO STRIKE CROSS-
    ROGER G. WINTLE, SUSAN WEBER,            DEFENDANT STEVEN E. BONNER'S
14  CHRISTINE FRAZIER, GABRIEL PEREZ,        ANSWER;  AND REQUEST TO ENTER
    RAY DIAZ, BAY AREA ACQUISITIONS          THE DEFAULT OF CROSS-DEFENDANT
15  AND SALES, L.L.C., PRINCIPAL             STEVEN E. BONNER; AND REQUEST TO
    SECURITIES, INC., and DOES 1-9,          ENTER DEFAULT JUDGMENT AGAINST
16                                           CROSS-DEFENDANT STEVEN E.
              Defendants.                    BONNER
17
    _____
18  PRINCIPAL SECURITIES, INC.,             Complaint filed:              11/16/2016
                                            1st Amended Compl. Filed:     1/13/2017
19              Cross-Complainant,          Cross-Complaint filed:        3/10/2017
                                            1st Amd Cross-Comp. filed:    9/29/2017
20      vs.                                 Trial Date:                   10/4/2019

21  STEVEN E. BONNER, BAY AREA
    ACQUISITIONS AND SALES, L.L.C.,
22  JOHANNA BONNER, ROGER G. WINTLE,
    SUSAN WEBER, CHRISTINE FRAZIER,
23  GABRIEL PEREZ, and RAY DIAZ,

24              Cross-Defendants.
    _____
25

26

27                                          1

28  [Proposed] Order on Cross-Complainant Principal Securities' Trial Brief; Request to Strike Steven Bonner's Answer to
    the FACC; Request to Enter the Default of Steven Bonner; and Request to Enter Default Judgment Against Cross-
    defendant Steven E. Bonner
    Case No.:  16CV03031

## PROPOSED ORDER ON CROSS-COMPLAINTANT PRINCIPAL SECURITIES INC.'S REQUEST TO STRIKE ANSWER, ENTER THE DEFAULT OF, AND DEFAULT JUDGMENT AGAINST STEVEN BONNER

The Court having reviewed Cross-Complainant Principal Securities Trial Brief; Request to strike Cross-Defendant Steven Bonner's answer to the First Amended Cross-Complaint; to enter Steven Bonner's default on the First Amended Cross-Complaint; and enter a default judgment against Steven Bonner, including the pleadings, Declaration of Sara Bergkamp, Declaration of Michael Brisbin, and the exhibits attached, thereto, in support of the Trial Brief and finding that:

(a) Proper notice of the October 4, 2019, trial call was given to Steven Bonner;

(b) Steven Bonner did not appear for trial call on October 4, 2019;

(c) Steven Bonner has failed to defend himself in this lawsuit since his prior attorney's withdrawal in January 2018;

(d) Principal Securities will suffer prejudice if this matter is left open and not adjudicated, and;

(e) Other good cause supporting the requested action against Steven E. Bonner,

**THIS COURT ORDERS**:

(1) Cross-defendant Steven Bonner's answer to the First Amended Cross-complaint is stricken.

(2) The default and default judgment of Cross-defendant Steven Bonner is entered as to the First Amended Cross-complaint.

Dated: October 4, 2019      By: _____ Paul Burdick

**JUDGE OF THE SUPERIOR COURT, COUNTY OF SANTA CRUZ**

Signed: 10/29/2019 03:30 PM

2

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief; Request to Strike Steven Bonner's Answer to the FACC; Request to Enter the Default of Steven Bonner; and Request to Enter Default Judgment Against Cross-defendant Steven E. Bonner
Case No.: 16CV03031

**PROOF OF SERVICE**
*JOHNSTON V. BONNER ET AL*
*SANTA CRUZ COUNTY CASE NO. 16CV03031*

At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370. On this date I served the following document(s):

**[PROPOSED] ORDER ON CROSS-COMPLAINTANT PRINCIPAL SECURITIES INC.'S TRIAL BRIEF; REQUEST TO STRIKE CROSS-DEFENDANT STEVEN E. BONNER'S ANSWER; AND REQUEST TO ENTER THE DEFAULT OF CROSS-DEFENDANT STEVEN E. BONNER; AND REQUEST TO ENTER DEFAULT JUDGMENT AGAINST CROSS-DEFENDANT STEVEN E. BONNER**

on the person or persons listed below, through their respective attorneys of record in this action, by the following means of service:

☒: **By United States Mail.** I placed the document(s) in envelope(s) and placed them for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐: **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐: **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☒: **By Electronic Service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on October 4, 2019 at San Francisco, California.

*Marilee Barlow*
Marilee Barlow

3

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief; Request to Strike Steven Bonner's Answer to the FACC; Request to Enter the Default of Steven Bonner; and Request to Enter Default Judgment Against Cross-defendant Steven E. Bonner
Case No.: 16CV03031

Case 20-05006   Doc# 1   Filed: 02/06/20   Entered: 02/06/20 16:35:31   Page 21 of 35

Case 20-05006   Doc# 1   Filed: 02/06/20   Entered: 02/06/20 16:35:31   Page 22 of 35

## SERVICE LIST

| | |
|---|---|
| Bay Area Acquisitions and Sales LLC<br>440 Roberson Lane<br>San Jose, CA  95112<br><br>Email: stevenbonner007@icoud.com<br>        steve@alliedfinancialnetwork.com<br>***Defendant and Cross-Defendant*** | Steven E. Bonner<br>440 Roberson Lane<br>San Jose, CA  95112<br>Tel. (408) 250-7199<br><br>Email: stevenbonner007@icoud.com<br>        steve@alliedfinancialnetwork.com<br>***Defendant and Cross-Defendant*** |

4

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief; Request to Strike Steven Bonner's Answer to the FACC; Request to Enter the Default of Steven Bonner; and Request to Enter Default Judgment Against Cross-defendant Steven E. Bonner
Case No.:  16CV03031

# EXHIBIT B

SG

Filed
November 1, 2019
Alex Calvo, Clerk
By Gonzalez, Sandra
Deputy, Santa Cruz County

MICHAEL K BRISBIN (SBN 169495)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105-2725
Email:  Michael.Brisbin@wilsonelser.com
Telephone:    415.433.0990
Facsimile:    415.434.1370

Attorneys for Defendant and Cross-Complainant,
**PRINCIPAL SECURITIES, INC.**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CRUZ

| | |
|---|---|
| JACKLYN A. JOHNSTON,<br><br>        Plaintiff,<br><br>vs.<br><br>STEVEN E. BONNER, JOHANNA BONNER,<br>ROGER G. WINTLE, SUSAN WEBER,<br>CHRISTINE FRAZIER, GABRIEL PEREZ,<br>RAY DIAZ, BAY AREA ACQUISITIONS<br>AND SALES, L.L.C., PRINCIPAL<br>SECURITIES, INC., and DOES 1-9,<br><br>        Defendants.<br><br>PRINCIPAL SECURITIES, INC.,<br><br>        Cross-Complainant,<br><br>vs.<br><br>STEVEN E. BONNER, BAY AREA<br>ACQUISITIONS AND SALES, L.L.C.,<br>JOHANNA BONNER, ROGER G. WINTLE,<br>SUSAN WEBER, CHRISTINE FRAZIER,<br>GABRIEL PEREZ, and RAY DIAZ,<br><br>        Cross-Defendants. | Case No.  16CV03031<br><br>[~~PROPOSED~~] ORDER ON CROSS-<br>COMPLAINTANT PRINCIPAL<br>SECURITIES INC.'S TRIAL BRIEF<br>REGARDING DAMAGES AND<br>RECOVERY OF ITS DAMAGES AGAINST<br>CROSS-DEFENDANT STEVEN BONNER<br><br>Complaint filed:                      11/16/2016<br>1st Amended Compl. Filed:    1/13/2017<br>Cross-Complaint filed:           3/10/2017<br>1st Amd Cross-Comp. filed:  9/29/2017<br>Trial Date:                              10/4/2019 |

1

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief Regarding Damages and Recovery of Its
Damages Against Cross-Defendant Steven Bonner
Case No.:  16CV03031
2296846v.1

## PROPOSED ORDER ON CROSS-COMPLAINTANT PRINCIPAL SECURITIES INC.'S RECOVERY OF ITS DAMAGES AGAINST CROSS-DEFENDANT STEVEN BONNER

The Court having reviewed Cross-Complainant Principal Securities Trial Brief Regarding Damages, including the Declaration of Tonya Brink, the Declaration of Michael Brisbin, and the exhibits attached, thereto, in support of the Trial Brief and finding that:

(a) Proper notice of the October 4, 2019, trial call was given to Steven Bonner;

(b) Steven Bonner did not appear for trial call on October 4, 2019;

(c) Steven Bonner's Answer to the FACC was stricken, and the Default of Steven Bonner was entered on October 4, 2019;

(d) On January 21, 2010, Steven Bonner entered into a Registered Representative Agreement that allows Principal Securities to recover the amount it paid to settle the complaint filed by Plaintiff Jacklyn Johnston as well as its attorney fees, costs, and expenses, in litigating the claims of Plaintiff Jacklyn Johnston, and;

(e) Principal Securities submitted the necessary evidence to support its request for attorney fees ($303,060.50); filing fees ($1,335.29); deposition & court transcripts ($9,062.95); service of process ($3,265.69); photocopying ($1,770.93); and the settlement paid to Plaintiff Jacklyn Johnston ($412,000.00), **for costs and fees totaling $730,495.36**.

**THIS COURT ORDERS**:

Judgment in favor of Principal Securities, Inc., in the amount of $730,495.36, and against Cross-defendant Steven Bonner, with interest at 10% from entry of the judgment to the date the judgment is paid in full.

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief Regarding Damages and Recovery of Its Damages Against Cross-Defendant Steven Bonner
Case No.: 16CV03031
2296846v.1

Dated: ~~October 4,~~ Nov. 1, 2019

By: _____

**JUDGE OF THE SUPERIOR COURT,
COUNTY OF SANTA CRUZ**

Signed: 11/1/2019 11:46 AM

Paul Burdick

3

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief Regarding Damages and Recovery of Its
Damages Against Cross-Defendant Steven Bonner
Case No.: 16CV03031
2296846v.1

**PROOF OF SERVICE**
*JOHNSTON V. BONNER ET AL*
*SANTA CRUZ COUNTY CASE NO. 16CV03031*

At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370. On this date I served the following document(s):

**[PROPOSED] ORDER ON CROSS-COMPLAINANT PRINCIPAL SECURITIES INC.'S TRIAL BRIEF REGARDING DAMAGES AND RECOVERY OF ITS DAMAGES AGAINST CROSS-DEFENDANT STEVEN BONNER**

on the person or persons listed below, through their respective attorneys of record in this action, by the following means of service:

☒: **By United States Mail.** I placed the document(s) in envelope(s) and placed them for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐: **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐: **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☒: **By Electronic Service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on October 4, 2019 at San Francisco, California.

*Marilee Barlow*
Marilee Barlow

---

4

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief Regarding Damages and Recovery of Its Damages Against Cross-Defendant Steven Bonner
Case No.: 16CV03031

Case 20-05006   Doc# 1   Filed: 02/06/20   Entered: 02/06/20 16:35:31   Page 27 of 35

## SERVICE LIST

| | |
|---|---|
| Bay Area Acquisitions and Sales LLC<br>440 Roberson Lane<br>San Jose, CA 95112<br><br>Email: stevenbonner007@icoud.com<br>       steve@alliedfinancialnetwork.com<br>*Defendant and Cross-Defendant* | Steven E. Bonner<br>440 Roberson Lane<br>San Jose, CA 95112<br>Tel. (408) 250-7199<br><br>Email: stevenbonner007@icoud.com<br>       steve@alliedfinancialnetwork.com<br>*Defendant and Cross-Defendant* |

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief Regarding Damages and Recovery of Its Damages Against Cross-Defendant Steven Bonner
Case No.: 16CV03031

**PROOF OF SERVICE**
*JOHNSTON V. BONNER ET AL*
*SANTA CRUZ COUNTY CASE NO. 16CV03031*

At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370. On this date I served the following document(s):

**NOTICE OF ENTRY OF ORDERS**

**ORDER ON CROSS-COMPLAINANT PRINCIPAL SECURITIES INC.'S TRIAL BRIEF; REQUEST TO STRIKE CROSS-DEFENDANT STEVEN E. BONNERS ANSWER; AND REQUEST TO ENTER DEFAULT OF CROSS-DEFENDANT STEVEN E. BONNER; AND REQUEST TO ENTER DEFAULT JUDGMENT AGAINST CROSS-DEFENDANT STEVEN E. BONNER**

**ORDER ON CROSS-COMPLAINANT PRINCIPAL SECURITIES, INC.'S TRIAL BRIEF REGARDING DAMAGES AND RECOVERY OF ITS DAMAGES AGAINST CROSS-DEFENDANT STEVEN BONNER**

on the person or persons listed below, through their respective attorneys of record in this action, by the following means of service:

☒: **By United States Mail.** I placed the document(s) in envelope(s) and placed them for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐: **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐: **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☐: **By Electronic Service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on November 1, 2019 at San Francisco, California.

_____
Marilee Barlow

---

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief Regarding Damages and Recovery of Its Damages Against Cross-Defendant Steven Bonner

Case No.: 16CV03031

## SERVICE LIST

| | |
|---|---|
| Bay Area Acquisitions and Sales LLC<br>440 Roberson Lane<br>San Jose, CA  95112<br><br>Email: stevenbonner007@icoud.com<br>      steve@alliedfinancialnetwork.com<br>***Defendant and Cross-Defendant*** | Steven E. Bonner<br>440 Roberson Lane<br>San Jose, CA  95112<br>Tel. (408) 250-7199<br><br>Email: stevenbonner007@icoud.com<br>      steve@alliedfinancialnetwork.com<br>***Defendant and Cross-Defendant*** |
| Jack Hain<br>55 River Street, Ste. 150<br>Santa Cruz, CA 95060<br>T: 831-515-7615<br>E: jhain@pacbell.net<br><br>***Attorney for Plaintiff***<br>***Jacklyn A. Johnston*** | |

4

[Proposed] Order on Cross-Complainant Principal Securities' Trial Brief Regarding Damages and Recovery of Its
Damages Against Cross-Defendant Steven Bonner
Case No.: 16CV03031

# EXHIBIT B



| Mailing Address | Princor Financial | Registered Representative's |
| Des Moines, IA 50392 0200 | Services Corporation | Agreement |

This Registered Representatives Agreement ("Agreement") by and between Princor Financial Services Corporation ("Princor") and

Steven          Bonner          registered representative ("RR"), of the City of  San Jose

State of  CA _____  for the sale of registered products is effective on the  20th  day of  April , 20 10

and is subject to the following terms and conditions

## Definitions

a  "Application" means application or order for the purchase of registered products

b  "Commissions" mean payments made pursuant to the commission schedules for registered products that are in effect at the time of sale  Those commission schedules are incorporated into this Agreement by reference

c  "Registered products" means investment company shares underwritten by us, investment company shares and units sold through us  limited partnership interests  variable life insurance policies, variable annuity contracts, and such other security products that we are or become qualified to sell

d  "We", "us" and "our" mean Princor  The terms "RR", "you" and  your" mean the Registered Representative executing this Agreement

## Relationship

a  To the extent permitted by applicable laws  your relationship with us is that of an independent contractor  Nothing contained herein or elsewhere shall be construed to create an employer/employee relationship

b  Subject to any applicable regulatory and licensing requirements  you are responsible for developing your own sales prospects and determining when and where you will solicit business

c  You are not required to spend a certain portion of your time as a registered representative for us  However, you will be expected to solicit new applications if appropriate  to service accounts and maintain any minimum production requirements to prevent termination of this Agreement

d  We reserve the right, in our sole discretion, to reject any applications  orders or payments remitted by you and to refund to investors all or any part of a payment made by them

## Duties and Responsibilities

Based upon  and in reliance upon your full and accurate disclosure to all inquiries contained in your Uniform Application for Securities Industry Transfer and Registration, and the accuracy of all other information provided to us  we hereby appoint and authorize you to solicit and remit applications and orders for the purchase of the Registered Products that we have approved for sale  subject to your being appropriately and fully licensed in the jurisdictions where you will conduct your solicitation activities  By entering into this Agreement  you agree to

a  Solicit sales of products on our behalf

b  Provide service to our clients

c  Adhere strictly to the rules of the Financial Industry Regulatory Authority, Inc (FINRA), the rules and regulations of the Securities and Exchange Commission (SEC), and all statutes and regulations of the states and of the United States

d  Become familiar with and abide by the compliance procedures outlined in the Princor Registered Representative Compliance Manual and all other rules  policies and directives concerning sales practices and conduct established by us  Said procedures are incorporated herein by reference and may be amended by us from time to time

e  Obtain and maintain FINRA registration, SEC registration (if applicable), and state licenses appropriate for your activities as a RR or other representative capacity approved by us

f  Acquire and maintain licenses, bonds and professional liability insurance coverage for every activity you engage in and every product you sell as required by us or by the law  You must provide us with evidence of such and of any changes thereto

g  Limit solicitations of applications to the state(s) in which you are licensed

h  Upon notification from us, pay promptly all registration and state license renewal fees and such other costs as may be directed by us

i  Immediately upon receipt, forward all applications, orders and all payments to Princor

j  Upon our demand or termination of this Agreement, return all monies, application forms, client files, manuals  computer hardware and software and other materials or supplies furnished to you by us, or by anyone on our behalf   All such documents and materials are considered the property of Princor

k  Provide us immediate access to all your books and records, regardless of the medium, that pertain to the activities contemplated herein  including  by way of example  immediate access to documents and emails and other written correspondence that you send or receive so that we may monitor  review, and retain such books and records  Princor s rights under this paragraph shall survive any termination of this Agreement

l  Allow us to monitor and print all information that has been placed on an Internet website that belongs to or is associated with you

Case: 20-05006    Doc# 1    Filed: 02/06/20    Entered: 02/06/20 16:35:31    Page 32 of 35

## Limitations

You may not

a   Incur any liability or debt against us or on our behalf

b   Make contracts, promise reinstatement of contracts or attempt to bind us

c   Allow more time for payment of any amount by a client, applicant, shareholder or other third party

d   Extend credit to any person or entity in connection with a securities account or borrow money from any client or applicant

e   Accept payments or deposits from any client, applicant shareholder or third party except as expressly authorized by us

f   Institute legal proceedings in our name or file a complaint or inquiry with any governmental agency or the FINRA in our name

g   Make any representations concerning applications or products except as contained in the current prospectus and supplementary sales materials or sales literature approved by us

h   Solicit in any manner in any state for which we have not given you pre-approval to sell

i   Solicit or sell any security, exempt or otherwise, that we have not given you written, pre-approval to sell

j   Solicit or sell any other product that we have not given you written pre-approval to sell

k   Send applications or otherwise place orders, directly to a sponsor or issuer other than Princor or its affiliate(s)

## Limitation on Investment Advisory Activities

Without our prior consent you may not

a   Apply for registration or become registered as an Investment Adviser or Investment Adviser Representative

b   Call yourself a "financial planner" imply that you provide financial planning services or charge fees for financial planning

c   Call yourself an "investment advisor", "investment counselor" or any other similar title

d   Sponsor or engage in any securities related seminars where a fee is charged for attendance or to an attendee

e   Charge a fee for (1) your time or (2) the creation of any document that is in any way connected with the solicitation and/or sale of a registered product

f   Act in any other advisory capacity for any person

## Indebtedness

a   "Indebtedness" means your debt, liability, or debit balance resulting from our reversal of commissions incurred under any contract or agreement you have or have had with us

b   Indebtedness also means any amount paid by us to settle a complaint or satisfy any judgment entered by any court, administrative agency or arbitrator related to any products sold by you or to a breach of your duties and responsibilities contained in this Agreement whether or not the liability, settlement or satisfaction of judgment arose after the termination of this Agreement

c   You agree to be liable hereunder for the payment to us of all Indebtedness. We may setoff any Indebtedness or any amounts you owe our subsidiaries or affiliates against any amount we owe you

d   We will also take actions necessary to collect any Indebtedness you owe us

e   This section shall survive any termination of this Agreement

## Confidentiality and Related Obligations

a   You acknowledge that, in the course of performing your duties under this Agreement or otherwise, you may receive or learn information about individuals who have applied for or purchased financial products or financial services from us, including but not limited to personal financial and/or health information ("Confidential Information") You agree to keep all Confidential Information strictly confidential, and that you will not use or disclose to any affiliate or third party, either orally or in writing, any Confidential Information for any purpose other than the purpose for which the Confidential Information was provided to you Without limiting any of the foregoing, you agree to take all precautions that are reasonably necessary to protect the security of the Confidential Information You agree to restrict access to the Confidential Information to those employees who need to know that information to perform your duties under this Agreement You further agree that, if requested by us, you will return to us at our address for notices under this Agreement all tangible items containing any Confidential Information, including all copies abstractions and completions thereof without retaining any copies of the items required to be returned, however, this provision does not apply to Confidential Information provided to you by the customer The obligations of this paragraph extend to your employees, agents, affiliates and contractors, if any, and you shall inform such persons of their obligations hereunder

b   Upon learning of any unauthorized disclosure or use of any Confidential Information you shall notify us promptly and cooperate fully with us to protect such Confidential Information

c   If you believe it is required by law or by a subpoena or court order to disclose any Confidential Information then you, prior to any disclosure, shall promptly notify us in writing attaching a copy of the subpoena court order or other demand and shall make all reasonable efforts to allow us an opportunity to seek a protective order or other judicial relief This provision does not apply to audits and inquiries from state or federal regulatory agencies if you are legally required to provide them with access to your records

d   In connection with its performance under this Agreement, you agree to comply with all applicable laws, including but not limited to laws protecting the privacy of non-public personal information about individuals

e   The provisions of this Agreement relating to confidentiality shall survive termination or expiration of this Agreement

Case: 20-05006   Doc# 1   Filed: 02/06/20   Entered: 02/06/20 16:35:31   Page 33 of 35

## Indemnification

You shall indemnify and hold Princor, its parent and affiliated companies harmless against all losses, claims, damages, liabilities, actions, cost or expenses insofar as such may arise or be attributed to activities unrelated to any action by Princor, or involve non-securities issues arising in disputes unrelated to any action by Princor.

## Arbitration

RR and Princor agree to arbitrate any dispute, claim or controversy that may arise between RR and Princor, or a customer or any other person, that is required to be arbitrated under the statutes, regulations, rules, articles of incorporation, bylaws of the FINRA, SEC, federal or state government authority, or other self-regulatory organization. Any arbitration award rendered against RR or Princor may be entered as a judgment in any court of competent jurisdiction.

## Commissions

a   We will pay you commissions on commissionable transactions that have been approved and accepted by us in accordance with the commission schedule in effect at the time of sale.

b   We may change commission schedules at any time.

c   If you received commissions on payments refunded to investors or Princor is otherwise charged back on commissions it has paid you, you shall repay such commissions to Princor on demand, and Princor is hereby authorized to deduct any unpaid amounts thereof from commissions payable to you or that may become payable to you hereunder. Any amount charged back shall constitute indebtedness under this Agreement.

d   It is your responsibility to review your commission statement when you receive it and to promptly notify the Princor Commissions area with any questions or concerns. No commission corrections or adjustments will be made one year or more after the date of the statement.

## Prior Contract

This agreement represents the entire agreement between the parties and supersedes all other prior contracts, understandings or agreements, whether written or oral, between you and Princor, except your right to receive commissions pursuant to prior contracts is not affected by this Agreement.

## Assignment

a   This Agreement is not assignable.

b   No commission payable under this Agreement may be transferred, assigned or made payable to anyone other than you without our prior written approval.

## Disciplinary Action and Termination

a   Either party may terminate this Agreement at any time upon written notice sent to the last known address of the other party. In such event, the effective date of termination is the date notice was sent.

b   We may censure or fine you, or terminate this Agreement without giving notice to you if we determine that you have committed any fraudulent, dishonest or illegal acts, breached any provision of this Agreement, failed or refused to comply with the rules, regulations and statutes of the federal or state government, SEC or FINRA or failed or refused to comply with our supervisory procedures or other instructions.

c   You hereby consent and authorize us to provide to or obtain from any governmental authorities having jurisdiction, the FINRA, or our affiliated companies any information concerning you which we may require or obtain, including but not limited to any information provided to Princor regarding a customer complaint or obtained by Princor through the exercise of its supervisory responsibilities. You acknowledge that we have certain reporting obligations to the FINRA in the event of termination of your affiliation with us and understand such reporting obligations continue after the termination of this Agreement. This provision shall survive termination of this Agreement.

d   If your FINRA registration is terminated for any reason, or in the event we terminate your affiliation with us by filing notice to that effect with the FINRA, this Agreement will terminate concurrently with such termination or filing of the notice, as the case may be. In such instances, written notice of this Agreement's termination to you is not necessary.

e   If termination occurs after our annual renewal deadline, you will be required to pay any FINRA and state renewal fees we have paid. This provision shall survive termination of this Agreement.

Case: 20-05006    Doc# 1    Filed: 02/06/20    Entered: 02/06/20 16:35:31    Page 34 of 35

**Former Client Assets That Are Not Freely Transferable**

If you are responsible for prior sales of mutual funds, variable products, or equity-indexed annuities that are not freely transferable to or serviced by Primor, you must be aware of the following:

a. After filing a broker-to-broker transfer instruction form, your customers will be contacted in writing by their previous firm and/or Primor with respect to the identification of nontransferable assets and their right to hold such assets at their prior firm

b. The New Account Form for each customer discloses that if Primor is unable to service certain of the customer's holdings, the customer has the right to deal with any nontransferable assets by any of the following means:

   • Retention at the customer's previous firm
   • Shipment in the customer's name to the customer
   • Transfer to an account designated by the customer
   • Liquidation

In the New Account Form, the customer is also instructed to consider holding such investments at the customer's prior firm or transfer to a designated account before considering liquidation of nontransferable assets

a. You are obligated to ensure that the recommendations that you make to your customers are suitable, and may not recommend that clients liquidate and switch or replace assets that are not freely transferable simply in order to obtain additional compensation. A change in employment is not by itself a suitable basis for recommending a switch from one product to another

b. You must inform your Supervising Registered Representative if you intend to recommend that clients liquidate and switch or replace assets that were not freely transferable to Primor

**Miscellaneous**

This Agreement shall be governed by the laws of the State of Iowa

**Signatures**

Primor Financial Services Corp.                    Registered Representative

_(signature)_                                      _(signature)_

Authorized Officer

Date _____ APR 2 3 2010 _____        Date _1/21/10_

Case: 20-05006   Doc# 1   Filed: 02/06/20   Entered: 02/06/20 16:35:31   Page 35 of 35